# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MINDEN AIR CORPORATION, a Nevada corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>STARR INDEMNITY & LIABILITY COMPANY, et al.,<br><br>              Defendants. | 3:13-cv-00592-HDM-WGC<br><br>**ORDER**<br><br>**re: Doc. # 61** |

Before the court is Minden Air Corporation's (Minden Air) motion to compel. (Doc. # 61.)[1] Defendant Starr Indemnity and Liability Company (Starr) responded and opposed Minden Air's motion. (Doc. # 66.) Minden Air replied. (Doc. #69.) No filings were submitted by Defendant Caledonian Insurance Group, Inc., as it takes no position with respect to the motion to compel.

A hearing was conducted on Minden Air's motion to compel and associated filings on January 27, 2015. After reviewing the memoranda of points and authorities filed with respect to Minden Air's motion to compel and hearing arguments of counsel, the court denies Minden Air's motion.

## BACKGROUND

Minden Air is insured under an aviation insurance policy issued by Defendant Starr relative to a P2V Tanker 55 aircraft owned and operated by Minden Air. On June 3, 2012, the aircraft was involved in a landing incident. The parties agree that certain damage resulted, but disagree as to the extent of that damage, mainly whether the aircraft is capable of ever returning or being restored to service as an

---

[1] Refers to court's docket number.

airworthy aircraft. This litigation, generally speaking, includes claims of breach of contract regarding insurance coverage and alleged liability for extra contractual damages. (Doc. # 1.)

## OVERVIEW OF MINDEN AIR'S MOTION TO COMPEL

Minden Air's claim of the waiver of the attorney-client privilege as to documents requested by Minden Air's discovery only relates to the <u>timeliness</u> of the production of the privilege log, not to any substantive components of whether the privilege insulates any of the pertinent documents. More specifically, Minden Air's motion seeks an order of this court compelling Starr to produce documents, which Starr claims are insulated by the attorney-client privilege, "for failing to provide Minden Air with a privilege log within a reasonable time." (Doc. # 61 at 1.)

Starr served its discovery responses on Minden Air on March 3, 2014. Starr's response and objections included, *inter alia*, an assertion of attorney client privilege over all of the documents addressed by Requests ## 10, 11 and 27, which are the subject of Minden Air's motion. (Doc. # 61 at 3, n.2.) The responses were not accompanied by a privilege log. (Doc. # 61-2.)  Minden Air contends that after asserting a claim of privilege to Requests ## 10, 11 and 27, Starr's counsel basically ignored the privilege issue until it was apparently addressed months later in late September or early October. (Doc # 61 at 2.) As of the date of the motion to compel (11/25/14), Starr had yet to provide a privilege log. (Doc. # 61.) Starr represents that the day following Minden Air's motion to compel, Starr served a privilege log "detailing the privilege asserted with respect to documents that were not produced on the grounds of attorney-client privilege." (Doc.# 66 at 2.)

Despite Starr's eventual production of the privilege log, Minden Air takes the position that the privilege log is *per se* untimely because of the inordinate delay in submitting the log of privileged documents. In October of 2014, at a meet and confer telephone conference, Starr represented "the privilege log was being worked on and would be forthcoming." (Doc. # 66 at 3.) Starr was presumably referring to an email attached to Minden Air's motion as Exhibit 3 wherein defendant's counsel represented "with respect to the privilege log, I should have it to you by the end of the week." (Doc. # 61-4 at 2.)  However, the privilege log was not provided "by the end of the week" but rather approximately one month later after Minden Air's motion was filed. Nor is there any documentation (e.g., confirming correspondence or emails) that Starr supposedly further delayed producing a privilege

2

1  log because Starr supposedly intended to address the privilege issues both as to the previously served
2  discovery responses and certain document subpoenas to certain third parties–so that Starr could allegedly
3  produce "a privilege log containing every assertion of privilege regarding all of the production to date."
4  (Doc. # 66 at 15, ¶ 9.)

5        Although the record is clear that Starr did not move expeditiously to produce a privilege log after
6  its assertion of the attorney-client privilege, neither did Minden Air do anything with regard to Starr's
7  assertion of that privilege for some six or seven months after Starr's discovery responses were served.
8  The privilege dispute was not addressed, as best as the court can ascertain, until Minden Air counsel
9  mentioned it in one short paragraph in a six page discovery demand letter to Defendants' counsel dated
10  September 29, 2014. (Doc. # 61-3 at 6.)[2] In response to the reference to the omission of the privilege log
11  in the demand letter, and as noted above, Starr's counsel sent the email referred to above representing
12  the log would be forthcoming. There appears to have been no further communications between counsel
13  before the motion to compel was filed.

14        Starr's counsel further represents that Starr was not informed that Minden Air was contemplating
15  a motion to compel, specifically one that intended to seek a waiver of Starr's assertion of the attorney-
16  client privilege as to these three requests for production (let alone a contention Starr waived all attorney-
17  client assertions). (Doc. # 66 at 3, 14.)[3]

18                               **DISCUSSION**

19      Fed. R. Civ. P. 26(b)(5) requires that a party expressly claiming a privilege describe the nature
20  of the documents, communication or things not produced, etc., so as to enable the other parties to assess
21  the applicability of the privilege or protection. The failure to timely provide a privilege log "*may* be
22  viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26(b)(5), Advisory Committee's
23  comment (emphasis added).

---

[2] Minden Air's counsel's declaration states it was not until September 29, 2014, that counsel "noticed" Starr had not produced a privilege log. (Doc. # 61-1 at 1.) This was approximately 6-7 months after the discovery responses were received.

[3] The court may have stated during oral arguments that the court did not believe Minden Air had mentioned the specific subjects of the requests at issue in the September 29, 2014 demand letter (i.e., requests numbers 10, 11 and 27). If the court did so, the court was mistaken, because as noted above, the discovery demand letter did in fact mention (albeit briefly) the issue of the missing privilege log relative to Defendant's responses these three requests and its assertion of the attorney client privilege. (Doc. 61-3 at 6.)

The controlling case in the Ninth Circuit whether a waiver occurred is *Burlington Northern & Santa Fe Ry. Co. v. U.S. District Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Utilizing four factors comprising what the Ninth Circuit called a "holistic reasonableness analysis" *Burlington* instructs that the court must look to (1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged"; (2) "the timeliness of the objection and accompanying information about the withheld document"; (3) "the magnitude of the document production"; and (4) "other particular circumstances of the litigation that make responding to discovery unusually easy...or unusually hard." (*Id*.) The privilege log eventually provided by Starr to Minden Air has not been submitted to the court for its review. Nevertheless, in the circumstances of the instant motion which Minden Air states is totally dependent on the claimed waiver due to timeliness (*Burlington* factor #2), the content of the privilege log or its adequacy is not a subject of the court's inquiry under the parameters of Minden Air's motion. The only issue pertains to the timeliness consideration.

Because of the narrowness of the scope of the Minden Air argument as to the claimed waiver of the attorney client privilege (timeliness), not all of the *Burlington* factors outlined above are applicable. Utilizing the *Burlington* test of "holistic reasonableness," but not excusing the failure of Starr to timely provide a privilege log (particularly in view of its representations a log would be provided "by the end of the week" – which did not occur for another month), it does not appear the documents sought in the request for production were of any great significance to Minden Air. Minden Air apparently did not raise the privilege log issue until late September, some six or seven months after the responses were received. (Doc. # 61-3 at 6.)

There was also limited compliance with the "meet and confer" requirements of Fed. R. Civ. P. 26(c)(1) and 37(a)(1), and Local Rule 26-7, where the parties are to meet in good faith in an effort to resolve this discovery dispute without judicial intervention. A one paragraph comment in a letter demanding discovery responses does not satisfy a party's LR 26-7 "meet and confer" obligation, nor does it reflect a "sincere effort" to resolve the discovery dispute. More importantly, there appears to have been no follow-up personal communication where Minden Air's counsel initiated personal consultation to resolve the discovery dispute. "[Defendant]'s lack of good faith [or sincerity] is evident, not in the

4

1  unreasonableness of its position, but rather by the inadequate means through which its counsel attempted
2  to confer." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).

### CONCLUSION

Again, it needs to be emphasized that what is <u>not</u> before the court is any issue relative to the substantive merit of the assertion of attorney client privilege as to any certain document. The only issue is timeliness or a waiver. Minden Air eventually received Starr's privilege log, just not in a timely fashion. But since discovery has not yet been completed (the deadline is June 23, 2015), and in consideration of the overall circumstances of the litigation, the court in its discretion does not believe the *Burlington* grounds for a waiver are present. The court also finds there was inadequate compliance with the Federal and Local Rules regarding a sincere and personal effort to resolve a discovery dispute without judicial intervention. Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 37(a)(1); Local Rule 26-7.

Although not condoning the manner in which Starr handled its assertion of a privilege as to certain documents, utilizing the "holistic reasonableness" of *Burlington*, the court **DENIES** Minden Air's motion to compel (Doc. # 61) and its request for attorneys fees contained therein.

**IT IS SO ORDERED.**

DATED: January 30, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE