## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MINDEN AIR CORPORATION, a Nevada corporation, | 3:13-cv-00592-HDM-WGC |
| Plaintiff, | **ORDER** |
| vs. | **re: Doc. # 62** |
| STARR INDEMNITY & LIABILITY COMPANY, et al., | |
| Defendants. | |

Before the court is the motion of Starr Indemnity and Liability Company (Starr) to quash two subpoenas served by Plaintiff Minden Air Corporation (Minden Air) and for a protective order. (Doc. # 62.)[1] Minden Air responded (Doc. # 67) and Starr replied (Doc. # 68). A hearing was conducted on Defendant's motion on January 27, 2015. After reviewing the memoranda of the parties and hearing arguments of counsel, the court grants in part and denies in part Starr's motion to quash/motion for protective order.

### BACKGROUND

Minden Air is insured under an aviation insurance policy issued by Defendant Starr relative to a P2V Tanker 55 aircraft owned and operated by Minden Air. On June 3, 2012, the aircraft was involved in a landing incident. The parties agree that certain damage resulted, but disagree as to the extent of that damage, mainly whether the aircraft is capable of ever returning or being restored to service as an airworthy aircraft. The present litigation, generally speaking, includes claims of breach of contract and

---

[1] Refers to court's docket number.

alleged liability for extra contractual damages. (Doc. # 1.)

## OVERVIEW OF MINDEN AIR'S MOTION

The argument submitted by Starr, as clarified by counsel at oral arguments, is primarily based upon an assertion the documents sought by the subpoenas are protected by the work product doctrine. In that regard, following the accident involving the subject aircraft, it appears that Starr retained independent adjuster Keith Brown to investigate and survey the damage. Thereafter, Brown retained the individual and entity to whom the subpoenas were directed, James Everitt (Everitt) and J2 Engineering (J2). (Doc. # 67-3, invoices from J2/Everitt to Brown Aviation.) Everitt/J2's initial report on the extent of damage was not submitted to counsel, but rather directly to adjuster Brown and to Minden Air's insurance broker, Caledonian. (Doc. # 67-2 at 2.) There is also no documentation that either Everitt or J2 were retained by counsel for Defendants (as opposed to being hired by adjuster Brown). According to Starr, Everitt/J2 only became involved when "there was a vast disparity between the parties' valuation of the damage to the subject aircraft." (Doc.# 68 at 2.) Although this retention also apparently occurred after Minden Air engaged counsel (*id*.), there was no submission to the court establishing that Everitt/J2's role in this case morphed from typical insurance adjusting services to providing advice or recommendations to Starr's attorneys. The issue presented by Starr's motion is whether the work product doctrine should insulate production of Everitt's/J2's files.

## DISCUSSION

"The work product rule is not a privilege, but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. United States Dist. Ct. for Dist of AZ,* 881 F.2d 1486, 1494. (9th Cir. 1989) The work product doctrine protects attorneys' thought processes and legal recommendations. *Hickman v. Taylor* 329 U.S. 495, 510-511 (1947).

The work product doctrine extends to investigators and consultants working for attorneys. *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004). But to qualify for protection against discovery under the work product doctrine, the documents or information must (1) "be 'prepared in anticipation of litigation or for trial,'" and (2) "be prepared 'by or for another party or by or for another party's representative.'" (*Torf*, at 907.) The Ninth Circuit in *Torf* further stated that:

> At its core, the work product doctrine shelters mental processes *of the attorney*, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one grounded in the realities of litigation in our adversary system. One of those realities is that attorneys must often rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary *that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself*.

*Torf*, 357 F.3d at 907, *citing United States v. Nobles*, 422 U.S. 225, 238-39 (1975); (emphasis added).

In the present matter, Starr's counsel admitted that counsel did not retain Everitt or J2, but rather as noted above, that retention was coordinated by the insurer's (Starr) initially-retained adjuster on this matter, Keith Brown.  (Doc. # 67-3 at 2.) Starr also admits Everitt/J2 were not necessarily retained to prepare for trial. but rather "to assist Starr in its investigation into the property damage claim presented by Minden Air Corporation." (Doc. # 62 at 2.)[2]

Additionally, although Starr contends it has not disclosed Everitt as a witness who will testify at time of trial, Starr's co-defendant Caledonian Insurance Group did in fact do so:

> Jim Everitt, J2 Engineering, Inc. 1840 East Valencia Road #8, Tucson, AR 85706. Has knowledge of inspections and reports concerning the damage to the P2V Tanker 55 aircraft.

(Doc. # 67-7 at 5.) Starr adopted those disclosures made by Caledonian in its Rule 26 initial disclosures: with regard to "individuals having discoverable information," Starr identified "all witnesses named by Defendant Caledonian Insurance Group, Inc.," which necessarily includes Everitt and J2. (Doc. # 67-8 at 2.)

While counsel represented that the privilege log which was apparently produced in this matter references certain communications between Starr and Everitt/J2, the court was not provided a copy of the privilege log to ascertain whether the work product doctrine was asserted therein as to any Everitt/J2 documents. As such, it is difficult for the court to ascertain whether the Everitt/J2 documents were prepared in anticipation of litigation.

The Ninth Circuit has described documents prepared exclusively "in anticipation of litigation" as "single purpose" documents. *See, Torf*, 357 F.3d 907. Clearly, such documents would be protected

---

[2] Starr states that "[a]t the outset of litigation, Starr retained Everitt and his firm, J2 Engineering, to assist Starr in its investigation into the property damage claim presented by [Minden Air]." (Doc. # 62 at 1-2.)

3

by the doctrine, at least insofar as they otherwise qualify for protection. However, the Everitt/J2 materials clearly cannot be considered "single purpose" documents.

It is possible, however, that documents may also exist which were not only prepared in anticipation for trial but also for another purpose, called "dual purpose" documents. Starr makes this argument with respect to Everitt/J2.

Where a document serves a dual purpose, the Ninth Circuit instructs that the "because of" test be utilized to evaluate a work product claim. *United States v. Richey*, 632 F.3d 559, 567-68 (2011). In applying the "because of" standard, courts must consider the "totality of the circumstances" and more specifically determine whether the "document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation. *Richey*, 632 F.2d at 567-68; *Torf*, 357 F.3d at 908 (quoting *United States v Adlman*, 134 F.3d 1195 (2nd Cir. 1998). *Torf* and its progeny instruct that where documents were also produced "because of" litigation, they would be entitled to work product protection "because, taking into account the fact surrounding their creation, their litigation purpose so permeates the non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *Torf*, 357 F.3d at 910.

However, in the present case, based upon the materials submitted to the court and the argument of counsel, the court finds that the primary if not exclusive purpose of the Everitt/J2 involvement was to ascertain the extent of hull damage of the P2V Tanker 44 aircraft, and that any work product characterization of the Everitt/J2 retention and documents generated by Everitt/J2 is clearly secondary.

The party claiming the work product protection bears the burden of demonstrating the applicability of the work product doctrine. *Tornay v. U.S.*, 840 F.2d 1424, 1426 (9th Cir. 1988) (*citing U.S. v. Hirsch*, 803 F.2d 493, 496 (9th Cir. 1986).) Starr has failed to carry that burden.[3]

///
///
///

---

[3] Starr admits that it "intends on disclosing Everitt as an expert "who will testify at trial." Starr therefore recognizes that Minden Air "will be entitled to many of the documents it seeks upon Everitt's formal disclosure [when expert witnesses are disclosed]." (Doc. # 62 at 10.) Therefore, this discovery dispute appears to be more of a time consuming academic exercise.

**RELEVANT EVIDENCE**

Although the court declines to preclude production of the Everitt/J2 documents on a work product basis, the court needs to address the relevance of certain materials sought by the subpoenas. Fed. R. Civ. P. 26 governs the scope of discovery in civil actions and provides that parties may obtain discovery regarding any non-privileged matter "that is relevant to any party's claim or defense." Accordingly, the first limitation on permissible discovery is that it be relevant. *See, e.g., Dowell v. W.T. Griffin*, 275 F.R.D. 613, 617 (S. Cal. Aug. 17, 2011).

The Minden Air subpoenas each identify ten categories of documents to be produced. (Doc. # 62-1 at 6; Doc. # 62-2 at 6.) Minden Air's directions for production of documents are overbroad. While the court agrees the documents sought in paragraphs 1-4 and 6-10 should be produced, a limiting factor must be that they pertain to the crash of the aircraft which is the subject of this litigation. Starr's objection as to paragraphs 1 through 4 and 6 through 10 is **SUSTAINED IN PART** in that Everitt and J2 will only be required to produce such documentation as it relates to the claim of the subject P2V Tanker 55 aircraft. Starr's production shall be effected within **twenty-one (21) days** of the date of this order.

The court further determines that the documents sought in paragraph 5 of the subpoenas, i.e., "copies of your standing operating procedures," are beyond the subject of a subpoena relating to the retention and adjusting services of Everitt/J2 and outside the scope of relevant evidence pertaining to this litigation. Therefore, Starr's objection as to paragraph 5 of the subpoenas is **SUSTAINED.**

**CONCLUSION**

Starr's motion (Doc. # 62) is **GRANTED IN PART** and **DENIED IN PART** consistent with this order.

**IT IS SO ORDERED**.

DATED: January 30, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE